OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Kevin Painter, appeals from a judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, ordering him to pay child support in the amount of $441 per month, plus poundage. For the reasons that follow, we affirm.
 {¶ 2} The record discloses the following facts. On June 7, 1996, appellee, Gretchen Marino, filed a paternity complaint in the Trumbull County Court of Common Pleas, Domestic Relations Division. The complaint requested that the court determine whether appellant was the biological father of appellee's minor son, born November 13, 1989. If appellant was determined to be the biological father, the complaint asked the court to order appellant to pay an appropriate amount of child support.
 {¶ 3} After the court determined appellant to be the biological father, an October 30, 1996 magistrate decision established that, based upon the parties' annual incomes, appellant was to pay child support in the amount of $216 per month, plus poundage, beginning November 1, 1996. The court adopted the magistrate's decision and entered judgment accordingly.
 {¶ 4} Subsequent to appellee filing a motion to increase child support, the magistrate issued a November 19, 1997 decision, finding appellant's annual imputed income to be $30,000 per year. As a result, the magistrate increased appellant's child support payments to $441 per month, plus poundage, from November 1, 1997.
 {¶ 5} The court adopted the magistrate's decision to increase appellant's child support payments. Appellant then filed timely objections to the magistrate's decision.
 {¶ 6} On January 7, 1998, the court determined appellant's objections to be well-taken in part, and reworded the magistrate's decision to name appellant as a "professional." However, the court affirmed the magistrate's decision with respect to the imputed income and increase in child support.
 {¶ 7} Appellant then filed a timely notice of appeal with this court which contested the court's increase of child support. In Marino v. Painter (Aug. 6, 1999), 11th Dist. No. 98-T-0031, 1999 Ohio App. LEXIS 3606, at 9, we held, "the magistrate's decision was in error on its face because the magistrate failed to support the decision with further consideration of the remaining factors contained within R.C. 3113.215(A)(5)(a)." Thus, we reversed the trial court's judgment and remanded this matter for further proceedings.
 {¶ 8} Upon remand, a hearing was held before a magistrate. Following the hearing, the magistrate issued a March 22, 2000 decision, finding that appellant, as a licensed attorney, was underemployed pursuant to R.C. 3113.215(A). In doing so, the magistrate specifically considered appellant's educational background and the job market for attorneys in appellant's community. As a result, the magistrate again imputed appellant's ending annual income at $30,000 and ordered appellant to pay child support at $441 per month, plus poundage, from November 1, 1997.
 {¶ 9} On April 11, 2000, the trial court adopted the magistrate's decision, and appellant filed timely objections which challenged the imputed income. A hearing on appellant's objections was held, and on August 24, 2000, the court issued a judgment entry which made additional findings of fact and overruled appellant's objections.
 {¶ 10} Appellant again filed a timely notice of appeal from the trial court's August 24, 2000 judgment entry. However, on October 17, 2001, appellant and appellee jointly dismissed the appeal.
 {¶ 11} On October 25, 2000, the Trumbull County Child Support Enforcement Agency, on behalf of appellee, filed a motion and notice for contempt. The motion stated that appellant had failed to comply with the court's August 24, 2000 judgment entry and should be held in contempt.
 {¶ 12} The magistrate conducted yet another hearing, apparently relating to the motion for contempt, on April 2, 2003.[1] Again, the magistrate issued a decision finding appellant to be underemployed pursuant to R.C. 3113.215(A). The decision expressly noted that the magistrate was "restat[ing] its findings of March 22, 2000." Thus, the magistrate reaffirmed his previous decision and again ordered appellant to pay $441 per month, plus poundage, from November 1, 1997. Absent from the decision was any finding of contempt.
 {¶ 13} Appellant filed objections to the magistrate's decision, arguing that both the imputed income and commencement date of November 1, 1997, were inappropriate. On August 11, 2003, the trial court overruled appellant's objections and entered judgment in accordance with the magistrate's decision. The court, like the magistrate, made no determination as to appellant being in contempt.
 {¶ 14} From this judgment, appellant filed a timely notice of appeal and now sets forth the following three assignments of error for our consideration:
 {¶ 15} "[1.] The Magistrate and the Trial Court abused their discretion in imputing income to the defendant-appellant that he had never earned or displayed the ability to earn, and in turn the magistrate and the Trial Court did not follow the requirements set forth in R.C. 3113.215(A)(5)(a).
 {¶ 16} "[2.] The Magistrate and the Trial Court abused their discretion in increasing Defendant's support obligation without finding there had been a change of circumstances.
 {¶ 17} "[3.] The Trial Court erred in ordering defendant-appellant to pay a child support order of Four Hundred Forty-One Dollars ($441.00) per month, retroactive to November, 1997."
 {¶ 18} We will consolidate our analysis of appellant's three assignments of error, as it is clear that his arguments on appeal are barred via the doctrine of res judicata.
 {¶ 19} "The Supreme Court of Ohio has held that a properly taken appeal may be dismissed voluntarily by the appellant, however, such a dismissal is always with prejudice. Irwin v.Lloyd (1901), 65 Ohio St. 55, 61. The Court's holding was based on the premise that there is no right to a second appeal and, as a result, any dismissed appeal is res judicata. Id. See, also,Stewart v. O'Neal (C.A. 6, 1916), 237 F. 897, 913." Harrisonv. Registrar, Bur. of Motor Vehicles, 11th Dist. No. 2002-T-0095, 2003-Ohio-2546, at ¶ 19.
 {¶ 20} In addition, the appellate rule governing the voluntary dismissal of an appeal further supports the aforementioned rule of law. App.R. 28 allows the parties on appeal to voluntarily dismiss an appeal; however, unlike the Civil Rules, App.R. 28 does not provide for a voluntary dismissalwithout prejudice. C.f., Civ.R. 41(A). This reinforces the Ohio Supreme Court's holding that a voluntary dismissal of an appeal will always be with prejudice, thereby barring any subsequent litigation of the matter dismissed due to res judicata.
 {¶ 21} To recapitulate, on March 22, 2000, upon remand, the magistrate issued a decision which made specific findings with respect to the factors of R.C. 3113.215(A) and ordered appellant to pay $441 per month, plus poundage. The trial court's August 24, 2000 judgment entry overruled appellant's objections and determined that based upon appellant's educational background, his disability benefits, his status as a licensed Ohio attorney, and the availability of jobs within appellant's community, his net imputed annual income was $30,000. Accordingly, the trial court concluded that $441 per month, plus poundage, from November 1, 1997, was an appropriate child support order.
 {¶ 22} From this August 24, 2000 judgment, appellant filed a timely notice of appeal. However, on October 15, 2001, this court filed a judgment entry stating, "[u]pon the joint request of Appellant and Appellee, the appeal is hereby dismissed."
 {¶ 23} Regardless of appellant's intentions, his dismissal of the foregoing appeal was with prejudice. Accordingly, appellant's arguments, which are part of the instant appeal, are barred by the doctrine of res judicata, and he is precluded from attempting to collaterally attack issues arising from a previous valid, final judgment. Appellant's first, second, and third assignments of error are without merit.
 {¶ 24} Although appellant's three assignments of error are without merit, we note that the magistrate and trial court issued additional judgment entries reaffirming that appellant was ordered to pay child support at $441 per month, plus poundage, from November 1, 1997.[2] These decisions merely restated the findings of the March 22, 2000 magistrate decision and August 24, 2000 judgment entry, and apparently were the result of the motion to find appellant in contempt.
 {¶ 25} The trial court's additional entries failed to alter the August 24, 2000 judgment entry and did not result in a new judgment. Thus, regardless of the additional entries, appellant was barred from relitigating the issues presented on the instant appeal. Because appellant has failed to set forth any argumentation that would support any of his assigned errors, we will forego further analysis. App.R. 16(A)(7); App.R. 12(A)(2). Thus, we hereby affirm the judgment of the trial court.
O'Neill, J., Grendell, J., concur.
[1] Appellant's appellate brief contends that, subsequent to the dismissal of the appealed August 24, 2000 judgment, appellee reneged on the parties' dismissal agreement that appellant would pay child support at $441 per month, commencing on August 9,1999. Thus, the matter was "reset" for a hearing before the magistrate. The record, however, fails to establish the foregoing factual events.
[2] Again, these judgment entries are apparently the result of the motion for contempt. However, neither the magistrate nor the trial court made a specific finding of contempt.